# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NESTOR CAMPOS-ALONZO, ) )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | 1:06CV122<br>1:02CR281-1 |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Nestor Campos-Alonzo, a federal prisoner, has filed a motion to modify term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2).[1] (Docket no. 1) Petitioner claims that his sentence may be reduced pursuant to Guidelines Amendment number 651. Respondent has responded to the motion and Petitioner has filed a reply brief. The matter is now ready for ruling.

## DISCUSSION

Section 3582(c)(2) allows a court to modify the term of imprisonment of a defendant who was sentenced on a sentencing range that has subsequently been lowered by the Sentencing Commission. The sentencing guidelines state that a reduction in sentence due to a subsequent lowering of the guideline range is not

---

[1] Petitioner may not raise any claims cognizable under 28 U.S.C. § 2255 because he has already litigated one such motion [No. 1:04CV167] and must receive permission from the Fourth Circuit before he may file another section 2255 motion in this court. Therefore, the motion is considered pursuant to 18 U.S.C. § 3582(c) only and a ten-day notice of appeal period applies. Fed. R. App. P. 4(b).

authorized unless the amendment is listed in USSG § 1B1.10(c). USSG § 1B1.10(a). Amendment number 651 is not listed in section 1B1.10(c). Retroactive application of this amendment, therefore, is not authorized. Petitioner's criminal judgment was entered in April 2003, and the Fourth Circuit's judgment was entered on September 12, 2003. (Docket no. 31 (criminal case)) The amendment took effect in October 2003.

There is no merit to Petitioner's contention that the amendment is a clarifying amendment and therefore may be applied retroactively even if not listed in section 1B1.10. An exception does exist for clarifying amendments but only if one of two specific requirements is met. United States v. Chavis, 125 F.3d 849 (4th Cir. 1997) (unpublished) (non-retroactive clarifying amendment may be applied retroactively if it took effect before defendant was sentenced and earlier version of guidelines is used for sentencing or when clarifying amendment takes effect after sentencing while defendant's direct appeal is pending). Neither of these two requirements for retroactive application is met; therefore, the amendment may not be applied to Petitioner.

For these reasons, **IT IS RECOMMENDED** that Petitioner's motion for reduction of sentence (docket no. 1) be **DENIED** and that Judgment be entered dismissing this action.

                                                    _____
                                                    Wallace W. Dixon
                                                    United States Magistrate Judge

Durham, N.C.
May 16, 2006

-3-

Case 1:06-cv-00122-JAB-WWD   Document 6   Filed 05/16/06   Page 3 of 3